Mary Jo O'Neill, AZ Bar No. 005924
Andrea G. Baran, Mo Bar No. 46520
Meenoo Chahbazi, DC Bar No. 494651
**Equal Employment Opportunity Commission**
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone:  602-640-5061
Email:  meenoo.chahbazi@eeoc.gov
         andrea.baran@eeoc.gov
         mary.oneill@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | )<br>)<br>) Case No.<br>) |
| Plaintiff, | ) **COMPLAINT**<br>) |
| vs. | )<br>) **(JURY DEMAND)** |
| Recession Proof USA LLC, | )<br>) |
| Defendants. | ) |

# NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Richard Miller, Ron Frasso, and one or more additional aggrieved employees of Defendant who were adversely affected by such practices.  The Commission alleges that Defendant, Recession Proof USA LLC (hereinafter "RPUSA" or "Recession Proof") discriminated against Richard Miller, Ron Frasso, and one or more additional aggrieved employees on the basis of their race.  The

Commission further alleges that Defendant violated Title VII by retaliating against Richard Miller and Ron Frasso for engaging in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

3. More than thirty days prior to the institution of this lawsuit, Richard Miller filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Recession Proof USA L.L.C, has continuously been an Arizona company doing business in the State of Arizona, and has continuously had at least 15 employees.

6. At all relevant times, Recession Proof USA L.L.C, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## **CONCILIATION**

7. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Title VII Section 706(b).

## **STATEMENT OF CLAIMS**

8. More than thirty days prior to the institution of this lawsuit, Richard Miller filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Charging Party Richard Miller, and Class Member, Ron Frasso, were employees of Defendant, Recession Proof USA L.L.C.

10. At all relevant times, Daniel Brunson was a member, co-owner, and manager of Recession Proof USA L.L.C.

11. Since at least June 2009, Defendant has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of Section 703(a) by terminating Mr. Miller's employment on the basis of his race, African-American.

12. Since at least June 2009, Defendant has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of Section 703(a) by subjecting Ron Frasso and one or more additional aggrieved employees to race harassment. These

practices include, but are not limited to, regularly calling and/or referring to Mr. Frasso and one or more employees by the "N" word and/or subjecting employees to other racially offensive comments or conduct.

13. Since at least April 2010, Defendant has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of 704(a) of Title VII, 42 U.S.C. §§2000e-2(a), by terminating Richard Miller in April 2010 for opposing what he reasonably believed was discrimination, including but not limited to, opposition to Mr. Brunson's use of the "N" word in the workplace.

14. Since at least May 2010, Defendant has engaged in unlawful employment practices at its Phoenix, Arizona facility in violation of 704(a) of Title VII, 42 U.S.C. §§2000e-2(a), by terminating Ron Frasso for testifying, assisting, and/or participated in an investigation, proceeding, or hearing pursuant to Title VII, including but not limited to, testifying during an EEOC investigation of Richard Miller's Charge of discrimination.

15. The discrimination, hostile work environment, and retaliation set forth in paragraphs 11 through 14 includes, but is not limited to, discrimination, harassment, and retaliation by Defendant's owner, Daniel Brunson.

16. The effect of the practices complained of above have been to deprive Mr. Miller, Mr. Frasso, and one or more additional aggrieved employees of equal employment opportunities and otherwise adversely affect their employment status because of their race and in account of retaliation.

17. The unlawful employment practices complained of above were and are intentional.

18. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Mr. Miller, Mr. Frasso, and one or more additional aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from (1) engaging in discrimination and harassment of employees because of race, and (2) engaging in retaliation against employees who oppose practices they reasonably believe to be discrimination or are testifying, assisting, and/or participating in a proceeding pursuant to Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees, regardless of race, which provide equal employment opportunities for applicants and employees who oppose practices they reasonably believe to be discrimination or are testifying, assisting, and/or participating in a proceeding pursuant to Title VII, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make whole Richard Miller, Ron Frasso, and one or more additional aggrieved employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not

limited to, reinstatement of Richard Miller, Ron Frasso, and one or more other employees.

D.   Order Defendant to make whole Richard Miller, Ron Frasso, and one or more additional aggrieved employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 16 above, in amounts to be determined at trial.

E.   Order Defendant to make whole Richard Miller, Ron Frasso, and one or more additional aggrieved employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 through 16 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Richard Miller, Ron Frasso, and one or more additional aggrieved employees, punitive damages for its malicious conduct and/or reckless indifference described in paragraphs 11 through 18 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this complaint.

RESPECTFULLY SUBMITTED this 7th day of July, 2011.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, NW
Washington, D.C. 20507

s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

s/ Andrea G. Baran
ANDREA G. BARAN
Supervisory Trial Attorney

s/ Meenoo Chahbazi
MEENOO CHAHBAZI
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

PLEASE NOTE:
For the purposes of service upon the EEOC,
it is sufficient that pleadings, notices, and
court documents be served upon the Trial Attorneys.