**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Comm., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Recession Proof USA LLC, et al., )<br>)<br>Defendants. )<br>_____ ) | No. CV-11-1355-PHX-SMM (BSB)<br><br><br>**MEMORANDUM OF DECISION<br>AND ORDER** |

Pending before the Court is Magistrate Judge Bridget S. Bade's Report and Recommendation recommending that Plaintiff's motion for default judgment be granted in part and denied in part. (Doc. 48.) Plaintiff has filed a limited objection to the Report and Recommendation. (Doc. 67.) After considering the Report and Recommendation and the arguments raised in Plaintiff's Objection, the Court will deny the objection and affirm in part and deny in part Judge Bade's Report and Recommendation.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

Failure to object to a Magistrate Judge's recommendation relieves the Court of

1    conducting *de novo* review of the Magistrate Judge's factual findings; the Court then may

2    decide the dispositive motion on the applicable law.  Orand v. United States, 602 F.2d 207,

3    208 (9th Cir. 1979) (citing Campbell v. United States Dist. Ct., 501 F.2d 196 (9th Cir.

4    1974)).  By failing to object to a Report and Recommendation, a party waives its right to

5    challenge the Magistrate Judge's factual findings, but not necessarily the Magistrate Judge's

6    legal conclusions.  Baxter, 923 F.2d at 1394; see also Turner v. Duncan, 158 F.3d 449, 455

7    (9th Cir. 1998) (failing to object to a Magistrate Judge's legal conclusion "is a factor to be

8    weighed in considering the propriety of finding waiver of an issue on appeal"); Martinez v.

9    Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991) (citing McCall v. Andrus, 628 F.2d 1185, 1187

10   (9th Cir. 1980)).

11                                    **DISCUSSION**[1]

12       Plaintiff Equal Employment Opportunity Commission ("EEOC") moved for default

13   judgment in this case alleging race discrimination and retaliation.  (Doc. 47.)  In its First

14   Amended Complaint (Doc. 16), EEOC brought claims against Defendants Recession Proof

15   USA LLC ("Recession Proof"), Phillip D. Smith d/b/a Recession Proof USA LLC, Phillip

16   Smith d/b/a Prime Time Marketing Solutions LLC, and Prime Time Marketing Solutions

17   LLC d/b/a/ USA Supreme Technology. (Doc. 16.) EEOC alleged that Defendants terminated

18   Recession Proof employee Richard Miller for opposing what he reasonably believed was

19   discrimination, and that they terminated Recession Proof employee Ron Frasso for

20   participating in a proceeding under Title VII, in violation of Section 704(a) of Title VII, 42

21   U.S.C. §§ 2000e-3(a).  (Doc. 16 at 16-17.)  EEOC further alleged that Miller was terminated

22   based on his race in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  (Doc.

23   16 at 14.)

24       EEOC properly served Defendants (Docs. 32, 33, and 34), but Defendants failed to

25   appear or otherwise respond to the First Amended Complaint.  Subsequently, the Clerk of

26

27   _____

28       [1]The factual and procedural history of this case are set forth in the Magistrate Judge's
     Report and Recommendation.  (Doc. 60.)

1  Court entered default against Defendants. (Docs. 37 and 46.) Judge Bade held a hearing on

2  the EEOC's motion for default judgment. (Doc. 53.) Following the hearing, Judge Bade

3  recommended that default judgment be entered in favor of the EEOC and against Recession

4  Proof USA LLC and Prime Time Marketing Solutions LLC d/b/a USA Supreme Technology.

5  (Doc. 60.) Judge Bade found that Recession Proof USA LLC and Prime Time Marketing

6  Solutions LLC d/b/a USA Supreme Technology were joint employers of Miller and Frasso.

7  (Id. at 21.) However, Judge Bade further recommended that EEOC's request for default

8  judgment against Defendants' Phillip Smith d/b/a Recession Proof USA LLC and Phillip

9  Smith d/b/a Prime Time Marketing Solutions LLC be denied. (Id. at 16.)

10      Objection

11      EEOC objects to Judge Bade's factual findings that EEOC failed to adequately plead

12  an alter-ego /veil-piercing theory of liability that would hold Smith personally liable for the

13  actions of Recession Proof USA LLC. (Doc. 67.) EEOC further objects to the Judge Bade's

14  recommendation that the Court not allow EEOC to further amend its complaint. (Id.)

15      Judge Bade's Report and Recommendation discussed in detail the factual and

16  procedural background of this case. Judge Bade found that EEOC had not explained why

17  it failed to included any factual allegations relevant to its alter ego/veil piercing theory in its

18  First Amended Complaint. (Doc. 60 at 15.) After thoroughly reviewing the controlling legal

19  principles at issue, Judge Bade concluded that default judgment should not be entered against

20  Phillip D. Smith d/b/a Recession Proof USA LLC or Phillip Smith d/b/a Prime Time

21  Marketing Solutions LLC. (Id. at 15-16.) As to further amendment, Judge Bade

22  recommended that the Court deny any further amendment of the complaint because it was

23  untimely and would prolong completion of a case that has proceeded to the judgment stage.

24  (Id. at 16.) Moreover, Plaintiff seeks to rectify its earlier omissions at the end of the case.

25  Plaintiff is a prodigious litigator in the courts of the United States. Plaintiff's counsel is well

26  aware of the legal theories when it seeks to impose liability against an adversary.

27      Having reviewed Judge Bade's legal conclusions and the objection made by Plaintiff,

28  the Court finds that Judge Bade adequately addressed all of Plaintiff's arguments and adopts

1   her reasoning finding that default judgment should not be entered against Phillip D. Smith

2   d/b/a Recession Proof USA LLC or Phillip Smith d/b/a Prime Time Marketing Solutions

3   LLC.  The Court further agrees that any further amendment of the complaint be denied

4   because it was untimely and would prolong completion of a case that has proceeded to the

5   judgment stage.

6       Damages

7       Following the default damages hearing, Judge Bade recommended that Miller and

8   Frasso be granted back pay, compensatory and punitive damages against Defendants

9   Recession Proof USA LLC and Prime Time Marketing Solutions LLC d/b/a USA Supreme

10  Technology.  The Court has reviewed these recommendations and finds that Miller and

11  Frasso are entitled to back pay, compensatory and punitive damages against these

12  Defendants.  Further, the Court has reviewed the damages recommendations and finds

13  reasonable the back pay and compensatory damages, but will reduce the punitive damage

14  award.  The Court finds that Miller's and Frasso's back pay and compensatory damages

15  awards are sizeable and that a further sizeable punitive award is not appropriate. Finally,

16  Judge Bade recommended and this Court finds that injunctive relief be granted against

17  Defendants Recession Proof USA LLC and Prime Time Marketing Solutions LLC d/b/a USA

18  Supreme Technology.

19                              **CONCLUSION**

20       Accordingly, for the reasons set forth,

21       **IT IS HEREBY ORDERED** approving, incorporating, and adopting in part and

22  denying in part the Report and Recommendation of Magistrate Judge Bridget S. Bade. (Doc.

23  60.)

24       **IT IS FURTHER ORDERED GRANTING** Plaintiff's Motion for Default Judgment

25  against Defendants Recession Proof USA LLC and Prime Time Marketing Solutions LLC

26  d/b/a USA Supreme Technology, as set forth below, and be denied in all other respects.

27  (Doc. 48.)

28       **IT IS FURTHER ORDERED DENYING** Plaintiff's Objection to Magistrate

Judge's Report and Recommendation and denying Plaintiff's motion for leave to amend complaint. (Doc. 67.)

**IT IS FURTHER ORDERED GRANTING** Richard Miller equitable remedies in the amount of $41,461 in back pay and $276 in prejudgment interest, totaling $41,737 in equitable damages against Defendants Recession Proof USA LLC and Prime Time Marketing Solutions LLC d/b/a USA Supreme Technology.

**IT IS FURTHER ORDERED GRANTING** Ron Frasso equitable remedies in the amount of $34,784 in back pay and $228.19 in prejudgment interest, totaling $35,012.19 in equitable damages against Defendants Recession Proof USA LLC and Prime Time Marketing Solutions LLC d/b/a USA Supreme Technology.

**IT IS FURTHER ORDERED** awarding Richard Miller $15,000 in compensatory and $5,000 in punitive damages against Defendants Recession Proof USA LLC and Prime Time Marketing Solutions LLC d/b/a USA Supreme Technology.

**IT IS FURTHER ORDERED** awarding Ron Frasso $5,000 in compensatory and $5,000 in punitive damages against Defendants Recession Proof USA LLC and Prime Time Marketing Solutions LLC d/b/a USA Supreme Technology.

**IT IS FURTHER ORDERED** awarding Miller and Frasso post-judgment interest under 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED DISMISSING** Plaintiff's hostile work environment claim pursuant to Plaintiff's voluntary withdrawal of that claim. (See Doc. 51 at 7.)

**IT IS FURTHER ORDERED GRANTING INJUNCTIVE RELIEF**, as follows:

    1.    Defendants Recession Proof USA LLC and Prime Time Marketing Solutions LLC d/b/a USA Supreme Technology and their officers, agents, employees, successors, assigns and all persons in active concert or participation with them, are permanently enjoined from (a) discriminating against any employee on the basis of race and (b) retaliating against any employee because he or she (i) opposed discriminatory conduct believed to be unlawful under Title VII, (ii) reported conduct believed to be unlawful under Title VII to Defendants' managers, (iii) filed a charge or assisted or participated in the filing of a charge of race

1    discrimination, or (iv) assisted or participated in an investigation or proceeding resulting

2    from any of the preceding conduct.

3         2.    Defendants Recession Proof USA LLC and Prime Time Marketing Solutions

4    LLC d/b/a USA Supreme Technology must develop written policies concerning racial

5    discrimination and retaliation to conform to the law.  The written policies must include at a

6    minimum: a clear and complete definition of racial discrimination and retaliation; a statement

7    that racial discrimination and retaliation are prohibited and will not be tolerated; and, a

8    description of the consequences, up to and including termination that will be imposed upon

9    violators of the policy.  The policy shall be distributed to each of Defendants' current

10   employees within ninety (90) days of the entry of this order and to all new employees of

11   Defendants when hired.

12        3.    Defendants Recession Proof USA LLC and Prime Time Marketing Solutions

13   LLC d/b/a USA Supreme Technology must implement injunctive relief, including but not

14   limited to employee training on Title VII's prohibitions against racial discrimination and

15   retaliation for all employees in the State of Arizona.  Defendants shall provide this live

16   training at least once a year for a period of two years.

17        4.    Defendants Recession Proof USA LLC and Prime Time Marketing Solutions

18   LLC d/b/a USA Supreme Technology must post a notice, attached as Attachment A, at all

19   facilities, buildings, or offices in the State of Arizona regarding their intent to comply with

20   Title VII; advising its employees of their right to complain about or oppose race

21   discrimination; to be free from retaliation; and advising its employees of their right to contact

22   federal and state anti-discrimination agencies.  This notice shall provide current contact

23   information for the United States Equal Employment Opportunity Commission and the

24   Arizona Civil Rights Division.

25                            Attachment A

26                      **NOTICE TO ALL EMPLOYEES**

27        It is unlawful under federal law, Title VII of the Civil Rights Act, and state law to

28   discriminate against an employee on the basis of race in the recruitment, hiring, firing,

1  compensation, assignment, or other terms, and conditions or privileges of employment.  It
2  is also unlawful to retaliate against any person because the person protested or reported the
3  discriminatory practices to management or the Equal Employment Opportunity Commission
4  (EEOC).

5      Employers shall not discriminate against any employee on the basis of race and shall
6  not retaliate against any employee for complaining about race discrimination.

7      If you believe you have been discriminated against, you have the right to seek
8  assistance from:

9      EEOC, 3300 North Central Avenue, Suite 690
10     Phoenix, Arizona 85012
11     Telephone: (602) 640-5000
12     TTY: (602) 640-5072
13     Website (national): www.eeoc.gov

14

15     You have the right to file a charge with the EEOC if you believe you are being
16  discriminated against or retaliated against for reporting discrimination.

17     No Retaliation Clause. It is against the law for any action to be taken against you by
18  any supervisory or management official of your employer for: (1) opposing race
19  discrimination or other discriminatory practices made unlawful by federal or state law; (2)
20  filing a charge or assisting or participating in the filing of a charge of discrimination; or (3)
21  assisting or participating in an investigation or proceeding brought under Title VII. Should
22  any such retaliatory actions be taken against you, you should immediately contact the EEOC
23  at the address or telephone number listed above.

24     **IT IS FURTHER ORDERED** that this Court retains jurisdiction over this matter in
25  order to enforce the injunctive relief.

26     **IT IS FURTHER ORDERED** denying without prejudice Plaintiff's request for
27  attorney's fees and costs.

28     **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment

1  accordingly.

2      DATED this 4th day of December, 2013.

3

4

5                                Stephen M. McNamee
                                 Senior United States District Judge
6

7

8

9  cc: BSB

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28